UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SEAN A. LEONARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 24-13167-MJJ |
| | ) | |
| U.S. COAST GUARD, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

February 14, 2025

JOUN, D.J.

For the reasons set forth below, the Court <u>DISMISSES</u> this action without prejudice.

On December 20, 2024, plaintiff Sean A. Leonard ("Mr. Leonard") commenced this action by filing a civil cover sheet in which he identifies the United States Coast Guard as the defendant. [Doc. No. 1-2 at 4-5]. With the civil cover sheet, he submitted two copies of a letter from the United States Personnel Management ("OPM") to an unidentified recipient. [Doc. No. 1 at 1-2]. In this letter, the OPM states that it had been the "target of a malicious cyber intrusion," which resulted in "the theft of background investigation records," including the letter recipient's personal information. [*Id.*]. The OPM offers information about enrolling for free credit and identify monitoring services. [*Id.*]. Leonard also includes a document that could be his birth certificate. [Doc. No. 1-1 at 3]. Leonard did not file a complaint, though he did file a motion for leave to proceed *in forma pauperis*. [Doc. No. 3].

On December 23, 2024, Leonard filed a five-page "amendment", the purpose of which is unclear. [Doc. No. 2]. The first three pages of the document do not set forth a coherent statement,

but they do refer to various individuals, the "entire US State Department," an "alert notification sequence," "DefCon time window," "security buffer," "Temple 3 food chain menus" and other matters whose meaning and relevance are cryptic. [*Id.* at 1-3]. This filing also includes two birth certificates, one of which Leonard already included in with his December 20, 2024, filing. [*Id.* at 4-5]. On January 2, 2025, Leonard submitted three pages with seemingly arbitrary phrases, references to statutes, and various individuals. [Doc. No. 5].

Article III of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2. A "Case" or "Controversy" exists when a plaintiff can demonstrate "(i) that []he has suffered or likely will suffer an injury in fact, (ii) that the injury likely was caused or will be caused by the defendant, and (iii) that the injury likely would be redressed by the requested judicial relief." *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 380 (2024). The federal courts cannot "operate as an open forum for citizens 'to press general complaints about the way in which government goes about its business.'" *Id.* at 379 (quoting *Allen v. Wright*, 468 U.S. 737, 760 (1984)).

Leonardo's submissions do not set forth a "Case" or "Controversy" as the terms are used in Article III. They do not include any comprehensible allegations that the United States Coast Guard, the OPM, the United States Department of State, or any other organization or person mentioned in Leonardo's papers have injured or likely will injure him. The Court cannot provide Leonard any judicial relief in these circumstances.

Accordingly, the action shall be <u>DISMISSED</u> without prejudice for lack of jurisdiction. The motion for leave to proceed *in forma pauperis* shall be terminated as moot.

SO ORDERED.

    /s/ Myong J. Joun  
    Myong J. Joun  
    United States District Judge